UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEN RAY PINES                                                                  CIVIL ACTION

VERSUS                                                                         NO. 09-3113

ST. TAMMANY PARISH PRISON, ET AL.                                              SECTION: "R"(3)

### REPORT AND RECOMMENDATION

Plaintiff, Ken Ray Pines, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against the St. Tammany Parish Prison and "Officer Boyd." Plaintiff claims that he was subjected to an illegal search and seizure and that excessive force was used against him.

<u>St. Tammany Parish Prison</u>

The St. Tammany Parish Prison has filed a motion to dismiss arguing that it is not a proper defendant in this federal civil rights action.[1] Plaintiff has not opposed that motion.

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

As correctly noted in the motion to dismiss, the St. Tammany Parish Prison is a building, not a "person" subject to suit under § 1983. <u>Smith v. St. Tammany Parish Sheriff's Office</u>, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); see <u>Verrette v. Webre</u>, Civ. Action No. 08-4240, 2009 WL 481263, at *1 (E.D. La. Feb. 20, 2009); <u>Francis v. United States</u>, Civ. Action

---

[1] Rec. Doc. 10.

No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the motion to dismiss the claims against the St. Tammany Parish Prison should be granted.

## "Officer Boyd"

The United States Marshal was unable to effect service on "Officer Boyd."[2] On May 1, 2009, the Court notified plaintiff of that fact, instructed him that it was his responsibility to provide all information necessary for the United States Marshal to effect service, and ordered him to provide to the Court within ninety days the complete name of Officer Boyd and a correct address for service. Plaintiff was warned that if he failed to comply with that order and failed to show good cause for not doing so, the undersigned would recommend that the claims against Officer Boyd be dismissed pursuant to Fed.R.Civ.P. 4(m) without further notice.[3] That deadline has now expired, and plaintiff neither provided the required service information nor attempted to show good cause for his failure to do so.

---

[2] Rec. Doc. 5.

[3] Rec. Doc. 7.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[4] Therefore, he is entitled to have service effected by the United States Marshal. Fed.R.Civ.P. 4(c)(3). That fact, however, does not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. Id.

More than one hundred twenty days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on "Officer Boyd." The Court gave plaintiff notice of the fact that the defendant was not served, as well as an opportunity to cure that defect. Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve "Officer Boyd" results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

---

[4] Rec. Doc. 3.

3

Despite the express notice that a recommendation to dismiss the claims against "Officer Boyd" would issue unless plaintiff provided correct service information or showed good cause for not doing so, he has failed to respond. Accordingly, this Court finds that dismissal of those claims is now appropriate.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by the St. Tammany Parish Prison, Rec. Doc. 10, be **GRANTED** and that plaintiff's claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** plaintiff's claims against "Officer Boyd" be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of August, 2009.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**